UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

BYOUNG IL SON,

        Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

05-CR-489 (ARR)

WHEREAS, in the above-captioned case, the defendant agrees to the entry of a preliminary order of forfeiture for the amount of eighty nine thousand, nine hundred thirty six dollars and no cents ($89,936) in United States currency seized from him at the time of the arrest, and the entry of a forfeiture money judgment in the amount of two hundred fifty thousand dollars and no cents ($250,000.00) in United States currency (the "Forfeiture Money Judgment"), (collectively referred to as the "Forfeited Assets"), pursuant to 18 U.S.C. 982 and 28 U.S.C. 2461, as property involved in such offense, or traceable to such property, and/or as substitute assets.

WHEREAS, on or about May 31, 2006, defendant entered a plea of guilty to the above-captioned Indictment, charging a violation of 18 U.S.C. § 1960(a), to wit, operating, managing and supervising an illegal money remitting business;

WHEREAS, by virtue of the defendant having pleaded guilty to the Indictment, the United States is now entitled to the entry of an order pursuant to 18 U.S.C. § 982 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States all right title and interest in $89,936 in United States currency seized from him at the time of the arrest. Additionally, the defendant shall pay a Forfeiture Money Judgment in the amount of $250,000, pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461, as property involved the offense of conviction, or traceable to such property, in violation of 18 U.S.C. § 1960(a).

2. The defendant agrees to fully assist the government in effectuating the surrender of the Forfeited Assets, including to take whatever steps are necessary to ensure full payment of the Forfeiture Money Judgment on or before the date of sentencing.

3. The defendant agrees to make all payments to satisfy the Forfeiture Money Judgment by certified or bank check, payable to the "United States Treasury," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Elaine D. Banar, United States Attorney's Office, Eastern District of New York, 1 Pierrepont Plaza,

Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

4. The United States Treasury shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

5. The defendant agrees not to assert any claim or assist any other person to assert any claim to any of the Forfeited Assets pursuant to this Preliminary Order of Forfeiture in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of forfeiture allegations, and waives any and all defenses to the forfeiture described in this Preliminary Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

6. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the Preliminary Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a

timely claim, this Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The United States shall have clear title to the Forfeited Assets following the Court's entry of the judgment of conviction.

9. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Elaine D. Banar, United States Attorney's Office, Eastern District of New York, 147 Pierrepont Street, Brooklyn, New York 11201.

Dated: Brooklyn, New York
July 20, 2006

Allyne R. Ross
HONORABLE ALLYNE ROSS
UNITED STATES DISTRICT JUDGE